UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| The Bank of New York Mellon, f/k/a The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A. As Trustee for the Benefit of the Certificateholders of Popular ABS, Inc., Mortgage Pass-Through Certificates Series 2006-A,<br>          Plaintiff,<br><br>     v.<br><br>HIPOLITO SEMEDO, MARIA R. LOPES, and ARTHUR WITTENBERG,<br>          Defendants. | C.A. No. 1:24-CV-00415-MSM-PAS |

ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the Motion for Summary Judgment (ECF No. 12) of plaintiff The Bank of New York Mellon, f/k/a The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., As Trustee for the Benefit of the Certificateholders of Popular ABS, Inc., Mortgage Pass-Through Certificates Series 2006-A ("Plaintiff"). Plaintiff seeks to remove a Lis Pendens from the City of Pawtucket Land Records that is clouding title to real property at 16 Dudley Street, Pawtucket, Rhode Island (the "Property") following foreclosure. Also before the Court is the Motion to Dismiss (ECF No. 18) of defendants Hipolito Semedo, Maria R. Lopes, and Arthur Wittenberg (collectively, "Defendants"). For the following reasons, the Court DENIES

Defendants' Motion to Dismiss in its entirety and GRANTS Plaintiff's Motion for Summary Judgment.

Plaintiff's uncontroverted evidence establishes the following. Mr. Semedo executed a promissory note in November 2005 in favor of Popular Financial Services, LLC, which was secured by a mortgage on the Property. (ECF No. 13-1 at 3.) This mortgage was ultimately assigned to Plaintiff in December 2009. *Id.* at 4. Defendants defaulted on the mortgage in December 2021. *Id.* Following the default and statutorily required procedures, Plaintiff foreclosed on the mortgage in October 2023. *Id.*

In January 2024, Mr. Wittenberg—who has no connection to the Property or the mortgage—recorded a document entitled "Lis Pendens" in the City of Pawtucket Land Records. *Id.* at 3–4. The supposed Lis Pendens claims that Defendants have filed or will file a complaint with the Rhode Island Superior Court seeking to terminate any interest that "National City Mortgage d/b/a, Commonwealth United Mortgage Company" may have in the Property. *Id.* at 135–36. To date, no such complaint has been filed. *Id.* at 5.

Plaintiff seeks judgment on its Complaint and an order striking the Lis Pendens from the Land records. (ECF No. 12 at 2.) Defendants assert that this Court lacks subject-matter jurisdiction over the Complaint because, according to Defendants, Plaintiff has no interest in the mortgage. (ECF No. 18 at 2–3.) Defendants supply no evidence that supports this contention.

In ruling on a motion for summary judgment, the Court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." *Feliciano de la Cruz v. El Conquistador Resort & Country Club,* 218 F.3d 1, 5 (1st Cir. 2000) (citing *Mulero-Rodriguez v. Ponte, Inc.,* 98 F.3d 670, 672 (1st Cir. 1996)). The moving party bears the initial responsibility of informing the court "of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The moving party may meet its burden by demonstrating an absence of evidence to support the nonmoving party's case. *Rochester Ford Sales, Inc. v. Ford Motor Co.,* 287 F.3d 32, 38 (1st Cir. 2002).

Once the moving party has met its burden, "[t]he nonmovant bears the burden of setting forth 'specific facts showing that there is a genuine issue for trial.'" *Mulero-Rodriguez,* 98 F.3d at 673 (quoting Fed. R. Civ. P. 56(e)). "A 'genuine' issue is one that must be decided at trial because the evidence, viewed in the light most flattering to the nonmovant, would permit a rational factfinder to resolve the issue in favor of either party." *Medina-Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 8 (1st Cir. 1990).

As a threshold matter, Defendants' assertion in their Motion to Dismiss that this Court lacks subject-matter jurisdiction over this case is meritless. Plaintiff's evidence of the valid assignment of the mortgage to itself is uncontroverted. Defendants' other arguments in their Motion are legally incoherent, unsupported by evidence, procedurally defective, or otherwise wholly spurious.

As for Plaintiff's Motion for Summary Judgment, Defendants again present no evidence setting forth any genuine issue of material fact in the present case. The documentation supplied by Plaintiff establishes that it properly foreclosed on the Property. The Lis Pendens filed by Mr. Wittenberg is clearly statutorily defective and invalid, *see* R.I. Gen. Laws § 9-4-9.

In summary, for the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss (ECF No. 18) in its entirety, and GRANTS Plaintiff's Motion for Summary Judgment (ECF No. 12.) The Lis Pendens on the Property is declared false and shall be stricken from the City of Pawtucket Land Records. Judgment quieting title on the Property shall be entered for Plaintiff.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

October 17, 2025