# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

CASE NO.  1:24-cv-00415-MSM-PAS

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND DIVISION:

**THE BANK of NEW YORK MELLON, f/k/a/THE BANK of NEW YORK
as successor trustee for JP MORGAN CHASE BANK, N.A. As
Trustee for BENFIT of the Certificateholders of
POPULAR ABS, INC. MORTGAGE PASS-THROUGH CERTIFICATES
Series 2006-A**

*PLANITIFFS*

*V.*

**HIPOLITO SEMEDO**
16 Dulley Street
Pawtucket, RI 02860

**MARIA R. LOPES**
16 Dulley Street
Pawtucket, RI 02860

**ARTHUR OF THE FAMILY WITTENBERG**

*DEFENDANTS*

## MOTION FOR RECONSIDERATION AND TO ALTER OR AMEND JUDGMENT UNDER FED. R. CIV. P. 59(e), AND MOTION FOR STAY PENDING APPEAL UNDER FED. R. CIV. P. 62(b)

### PREAMBLE

*"Ignorance, allied with power, is the most ferocious enemy justice can have."* — *James Baldwin*
Justice demands facing inconvenient facts rather than constructing shortcuts around them. Defendants file this motion in that spirit, as the only recourse left to ensure adherence to procedure, substantive law, and the integrity of the judicial process.

### INTRODUCTION

Defendants respectfully move this Court for reconsideration and modification of its October 17, 2025 order granting plaintiff summary judgment and denying core defense motions. The record reflects not only a misapplication of law and procedure, but a manifest avoidance of material evidentiary issues that, were they properly considered, would preclude judgment and require further hearing.

*"Ignorance of the law is no excuse in any man; yet it is, at the same time, the surest sign of an*

*ill-governed one."* — *Thomas Jefferson*

## I. PROCEDURAL FAILINGS AND TIMING IRREGULARITIES

Defendants filed a dispositive jurisdictional challenge, fully briefed by August 20, 2025. Plaintiff's summary judgment motion was internally briefed by July 1, 2025. Yet, without holding a mandated evidentiary hearing as required by Fed. R. Civ. P. 12(i) and McNutt v. GMAC, or completing scheduled expert disclosures/discovery, the Court issued a simultaneous omnibus order on October 17, 2025. This procedural inversion denied meaningful hearing and undermined the intention of Rules 12(i), 56(d), and 56(c). The docket shows no hearing, transcript, or minute entry reflecting compliance.

## II. NEW EVIDENCE FROM SUPERIOR COURT: WELLS FARGO'S EXPRESS DISCLAIMERS, NO AFFIDAVIT, AND CHAIN-OF-TITLE FAILURE

In a related matter (Providence/Bristol Superior Court Case No. PC-2025-04304), Wells Fargo's retained attorney formally confirmed on the record that Wells Fargo has no present, residual, or recorded interest in the subject property. No affidavit was produced by any executive or employee of Wells Fargo, nor did Wells Fargo authenticate any supposed post-discharge assignment. The only subsequent evidence regarding "chain of title" comes from counsel for third parties, unsupported by direct testimony, sworn statement, or original "wet-ink" document.
**Legal Impact**:

- This is compelling, judicially cognizable evidence that the chain-of-title is fatally defective, with no valid assignment or privity with the parties claiming enforcement rights.

- All subsequent affidavits or argumentation about the chain-of-title constitute *inadmissible hearsay* and *speculation*, not actual evidence under Rules 602, 803(6), and 901.

- This disables plaintiff's standing and ability to act as "person entitled to enforce" under UCC 3-301 and similar controlling authority.

Defendants respectfully request the Court take judicial notice of this Superior Court development under Fed. R. Evid. 201, as it now forms a factual and legal wall against any claim of standing by entities other than Wells Fargo, which itself has denounced any interest and refused authentication.

## III. EVIDENTIARY ERRORS AND COMPOUNDED PROCEDURAL VIOLATIONS

Plaintiff's summary judgment rested on the Verdooren affidavit, which relied on hearsay and

business records, lacking direct personal knowledge or authentication of assignment. No Wells Fargo officer was presented to confirm assignment's validity or existence. Defendants provided sworn affidavits and documentation showing forged signatures, chain-of-title gaps, prior lawful tender, and now, in addition, uncontested proof from Superior Court that Wells Fargo disclaims all property interest. To treat this record as "uncontroverted" is to manifestly ignore disputed issues.

## IV. RULE 59(e): ERROR OF LAW, FACT, AND MANIFEST INJUSTICE

The clear requirements of Rule 59(e) compel this Court to reconsider its order. No Rule 12(i) evidentiary hearing was conducted on contested jurisdiction, no discovery was completed before summary judgment, and the newly established Superior Court record introduces conclusive new evidence undermining standing and chain-of-title arguments. The procedural flaws described render the judgment manifestly unjust, and reversible on appeal.

## V. PUBLIC INTEREST, JUDICIAL INTEGRITY, AND THE RULE OF LAW

*"The measure of a country's greatness is its ability to retain compassion in times of crisis." — Justice Thurgood Marshall*

Public confidence is jeopardized when courts tacitly privilege expediency above process, especially when confronting unrepresented parties. The rule of law demands clarity, fairness, and the honest airing of facts — not artful circumvention when the substance weighs against the powerful.

## VI. MOTION FOR STAY PENDING APPEAL UNDER RULE 62(b)

The stay request must be granted:

1. Likelihood of Success on the Merits: The newly confirmed chain-of-title defect and timing violations present serious probability of reversal.

2. Irreparable Harm: Without a stay, title transfer or sale will irreparably damage Defendants and render any appellate success moot.

3. No Unfair Prejudice to Plaintiff: Monetary delay is compensable; title loss is not.

4. Public Interest: The orderly, lawful determination of property rights and the appearance of judicial fairness remain paramount.

## VII. CONCLUSION

The current judgment is infected by material procedural and evidentiary error, now overtaken by

uncontested documentary facts from Wells Fargo in Superior Court. No judicial wordsmithing or rhetorical complexity can mask these defects. Recognizing and correcting them is the duty of this Court — and the heart of justice.

*"Ignorance, allied with power, is the most ferocious enemy justice can have."* — *James Baldwin*

**WHEREFORE**, Defendants respectfully request:

1. Vacatur or amendment of the October 17, 2025 order;

2. Scheduling of an evidentiary hearing under Fed. R. Civ. P. 12(i) to address all standing, chain-of-title, and evidentiary disputes;

3. Judicial notice of the Superior Court's record and Wells Fargo's formal denial of interest or assignment;

4. Completion of allowed discovery before any renewed dispositive briefing;

5. Entry of stay for all enforcement actions pending these proceedings and appeal.

October 21, 2025
Respectfully submitted,

_____
**Hipolito Semedo UCC 1-308**

**Maria R. Lopes UCC 1-308**

_____
**Arthur of the family Wittenberg UCC 1-308**

### Certificate of Service

I certify that a true and correct copy of this Motion was filed and hand delivered, mailed and CM/ECF to counsel of record for Plaintiff, attorneys Krystle G. Tadesse, Troutman Pepper Locke, Located at 2800 Financial Plaza, Providence, RI 02903, on October 21, 2025.

Mail by

_____
Arthur of the family Wittenberg