# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

The Bank of New York Mellon, f/k/a     :
The Bank of New York as successor trustee   :
for JPMorgan Chase Bank, N.A. As Trustee   :
for the Benefit of the Certificateholders of    :
Popular ABS, Inc., Mortgage Pass-Through   :
Certificates Series 2006-A                :
                                   :
           *Plaintiff,*           :     C.A. No.: 1:24-CV-00415-MSM-PAS
                                     :
          v.                    :
                                     :
HIPOLITO SEMEDO, MARIA R.         :
LOPES and ARTHUR WITTENBERG     :
                                     :
          *Defendants.*         :

## PLAINTIFF'S OPPOSITION TO DEFENDANTS'
## MOTION FOR RECONSIDERATION AND TO
## ALTER OR AMEND JUDGMENT, AND MOTION FOR STAY

Plaintiff The Bank of New York Mellon, f/k/a The Bank of New York as successor trustee for JPMorgan Chase Bank, N.A., As Trustee for the Benefit of the Certificateholders of Popular ABS, Inc., Mortgage Pass-Through Certificates Series 2006-A ("BONY as Trustee" or "Plaintiff") opposes the Motion for Reconsideration ("Motion for Reconsideration") and to Alter or Amend Judgment Under Fed. R. Civ. P. 59(e) ("Motion to Alter or Amend Judgment"), and Motion for Stay Pending Appeal Under Fed. R. Civ. P. 62(b) ("Motion to Stay") (collectively, the "Motions") filed by defendants Hipolito Semedo ("Semedo"), Maria R. Lopes ("Lopes"), and Arthur Wittenberg ("Wittenberg") (collectively, "Defendants").

Defendants continue to assert their claim that a nonexistent chain-of-title defect exists. This Court already contemplated the arguments and evidence from all parties on Plaintiff's motion for summary judgment and Defendants' motion to dismiss. As this Court properly held,

1

Defendants' claims are meritless.  Plaintiff was properly assigned the mortgage and the foreclosure of the subject property were valid, while Wittenberg's Lis Pendens is "statutorily defective and invalid." ECF No. 21 (Order dated October 17, 2025).  For these reasons and those set forth below, Defendants' Motions should be denied.

## I.    Defendants' Motion for Reconsideration Should Be Dismissed.

To succeed on a motion for reconsideration, "a party normally must demonstrate either that new and important evidence, previously unavailable, has surfaced or that the original judgment was premised on a manifest error of law or fact." *Caribbean Mgmt. Grp., Inc. v. Erikon LLC*, 966 F.3d 35, 44-45 (1st Cir. 2020).  Defendants do not, and cannot, meet this standard.

Defendants first argue there were "procedural failings and timing irregularities."  ECF No. 23, Motions at 2.  Specifically, they claim that no hearing was held, nor was any discovery conducted.  *Id.*  Defendants cite to Fed. R. Civ. P. 12(i) and *McNutt v. GMAC* (presumably, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936) though no citation was provided), neither of which supports any contention that a hearing or discovery was required for this Court to rule on the dispositive motions.  In fact, this Court's Local Rules establish how a hearing may be requested—and none of the parties requested a hearing on either the motion to dismiss or the motion for summary judgment.  *See* L.R. 7(c).

Next, Defendants argue that a related Rhode Island Superior Court case is new evidence that Plaintiff lacks standing here.  ECF No. 23, Motions at 2.  This is not "new evidence", nor of any moment on this Court's Order.  This is merely a lawsuit filed by Defendants and anything that is part of that court record could and should have been part of this one.

Defendants' claim of "evidentiary errors and compounded procedural violations," essentially arguing that the evidence presented by Plaintiff on summary judgment was neither

250361426v4

admissible nor uncontroverted, is likewise unavailing.  ECF No. 23, Motions at 2-3.  Without any basis or support, Defendants state that Plaintiff's affidavits and other evidence were hearsay, lacked direct personal knowledge, and contained forged signatures.  *Id.* at 3.  Again, this argument has no merit—this Court properly weighed the evidence presented, all of which was competent, admissible evidence on summary judgment.

Accordingly, no new evidence or manifest error of law or fact warrant a reconsideration of this Court's Order.

## II.    Defendants' Motion to Alter or Amend Judgment Should Be Denied.

Similar to a motion for reconsideration, "Rule 59(e) relief is granted sparingly, and only when 'the original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.'"  *Biltcliffe v. CitiMortgage, Inc.*, 772 F.3d 925, 930 (1st Cir. 2014) (quoting *Glob. Naps, Inc. v. Verizon New Eng., Inc.*, 489 F.3d 13, 25 (1st Cir. 2007)).  "A motion under Rule 59(e) faces a high hurdle to succeed."  *Seguin v. Chafee*, No. 12-CV-708-JD, 2013 WL 124301, at *2 (D.R.I. Jan. 9, 2013) (citing *Latin Am. Music Co. v. ASCAP*, 642 F.3d 87, 91 (1st Cir.2011)).  The moving party must show "an intervening change in the controlling law, a clear legal error, or newly-discovered evidence."  *Soto–Padro v. Pub. Bldgs. Auth.*, 675 F.3d 1, 9 (1st Cir.2012).

Defendants argue that, under Rule 59(e), no Rule 12(i) evidentiary hearing or discovery were conducted, and that the new evidence of the related Superior Court case involving Wells Fargo undermines standing and chain-of-title arguments.  For the same reasons discussed above, Defendants have not met the Rule 59(e) standard.  The alleged new evidence has no bearing on this case, and Defendants have failed to show a manifest error of law or fact.  Therefore, their Motions should be denied.

3

**III.    Defendants' Motion for Stay Pending Appeal Should Be Denied.**

Defendants last request that this Court stay the case pending appeal under Fed. R. Civ. P. 62(b).  ECF No. 23, Motions at 3.  First, the rule Defendants cite has no relevance, as it pertains to a stay by bond or other security.  It appears Defendants instead meant to cite Rule 62(d) for an injunction pending appeal.  Nevertheless, their request for a stay fails for the same reasons stated in this Opposition.

On a motion for stay, the movant must "(1) make a strong showing that [it] is likely to succeed on the merits in its appeal; (2) show that it will be irreparably injured absent a stay; (3) show that issuance of the stay will [not] substantially injure the other parties interested in the proceeding; and (4) show that the stay would be in the public interest." *Courtemanche v. Motorola Sols., Inc.*, 783 F. Supp. 3d 527, 531 (D. Mass. 2025) (quoting *New Jersey v. Trump*, 131 F.4th 27, 34 (1st Cir. 2025)).

Defendants have no likelihood of success on appeal because the alleged "new evidence and time violations" they claim have no substance.  ECF No. 23, Motions at 3.  Defendants also cannot suffer irreparable harm when the foreclosure was already completed, and they had multiple opportunities prior to the foreclosure to reinstate their mortgage.  Instead, the highest bidder at the foreclosure and Plaintiff would be substantially injured if the delay in their ability to close the sale continues because of Defendants' baseless Lis Pendens that is clouding title.  Lastly, allowing the stay would not be in the public interest.  Wittenberg is known to bring similar frivolous claims, and such behavior should not be rewarded nor allowed to continue.

For the reasons set forth herein, Defendants' Motions should be denied, and this Court should enter an order in accordance with the Order (ECF No. 21) and Judgment (ECF No. 22).

4

Respectfully Submitted,

PLAINTIFF

By its Attorneys,

Troutman Pepper Locke LLP

*/s/ Krystle G. Tadesse*
Krystle G. Tadesse, Esq. (#7944)
Nathalie Vega Orlandini (#10265)
Troutman Pepper Locke, LLP
2800 Financial Plaza
Providence, RI 02903
401.528.5873
krystle.tadesse@troutman.com
nathalie.orlandini@troutman.com

Date: November 12, 2025

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 12th day of November, 2025, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be mailed to those indicated as non-registered participants.

Hipolito Semedo
Maria Lopes
16 Dudley Street
Pawtucket, RI 02860

Arthur Wittenberg
701 Loyola Ave. Unit 57867
New Orleans, LA  70113

*/s/ Krystle G. Tadesse*
Krystle G. Tadesse

5

250361426v4